## IN RE SAFETY REMEDY COMPANY.

### TRADEMARKS; FORMER ADJUDICATION.

Registration of the words "Black Caps," to be used on medicine labels, under the ten-year clause of the trademark act of Congress of February 20, 1905, is properly refused on the application of the assignee of the appellee in *Planten* v. *Canton Pharmacy Co.* 33 App. D. C. 268, in which case this court found that the words were understood in the trade as equivalent to "Black Capsules," and therefore to be descriptive.

No. 630. Patent Appeals. Submitted May 10, 1910. Decided May 26, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for registration of a trademark. *Affirmed.*

*Mr. A. S. Pattison* for the appellant.

*Mr. Robert F. Whitehead* for the Commissioner of Patents.

Vol. XXXV.—23.

Mr. ·Justice BARNARD, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal, in the place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

The appellant, the Safety Remedy Company, applied for the registration of a trademark consisting of the words "Black Caps," to be used in the form of a label on medicine, and the case was heard before the Examiner of Trademarks and Designs, and the registration was refused by him, the mark not being entitled to registry under the ten-year clause of the act. of February 20, 1905.

The appellant thereupon appealed to the Commissioner, who affirmed the decision of the Examiner, and from that decision appeal was taken to this court.

The principal contention of counsel for the appellant is that, as successor to the Canton Pharmacy Company, it is entitled to have this trademark registered, under the ten-year clause of the act; and that the decision of this court in the case of *Planten* v. *Canton Pharmacy Co.* 33 App. D. C. 268, is authority for such registry. That decision seems to us to support the ruling of the Commissioner in refusing registry in this case. "Black Caps" are words which are understood in the trade to be equivalent to "Black Capsules," and they are held in said case to be descriptive of the goods, and counsel does not now ask for registration of said words as a technical trademark, but only as one entitled to registry under the ten-year clause, claiming the .same to have been used exclusively by the applicant and its predecessors, for the statutory period of ten years before the passage of the trademark act.

That question, we think, cannot now be raised by the applicant. Registration was refused to the Canton Pharmacy Company, under whom the applicant claims title, in the interference between Planten and said Company, No. 27,610 Trademark Interferences, on all grounds, and from the decision of the Commissioner in that case, the said Company took no ap-

peal. Planten alone appealed, and this court affirmed the decision of the Commissioner.

We think there is no answer to the argument of counsel for the Commissioner in this case, that the decision of the Commissioner in said cause No. 27,610, is *res judicata.*

To allow the assignee of said Canton Pharmacy Company to have the right to raise the same questions again that were decided in that case, would make a continuous performance, and there could never be an end of litigation, provided new assignees might be found willing to receive title and to renew the application in their names.

The decision of the Commissioner in this case will therefore be *affirmed.*